1  PHILLIP A. TALBERT
   United States Attorney
2  JUSTIN J. GILIO
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11 | UNITED STATES OF AMERICA,          | CASE NO.  1:21-CR-00271-JLT-SKO

12 |                        Plaintiff,  | STIPULATION REGARDING EXCLUDABLE
                                          TIME PERIODS UNDER SPEEDY TRIAL ACT;
13 |             v.                      | ORDER

14 | URIEL DIAZ-SANTOS,                  | DATE: October 19, 2022
                                          TIME: 1:00 p.m.
15 |                        Defendant.   | COURT: Hon. Sheila K. Oberto

16

17                                **BACKGROUND**

18         This case is set for STATUS CONFERENCE on October 19, 2022.  On May 13, 2020, this

19 Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until

20 further notice."   Under General Order 618, a judge "may exercise his or her authority to continue

21 matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611

22 issued on March 17, 2020, . . . with additional findings to support the exclusion in the Judge's

23 discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-

24 by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the

25 request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

26 will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This,

27 previous, and subsequent General Orders were entered to address public health concerns related to

28 COVID-19.

     STIPULATION REGARDING EXCLUDABLE TIME            1
     PERIODS UNDER SPEEDY TRIAL ACT

1    Although the General Orders address the district-wide health concern, the Supreme Court has

2  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

3  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

4  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

5  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

6  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

7  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

8  or in writing").

9    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

10  and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

11  justice continuances are excludable only if "the judge granted such continuance on the basis of his

12  findings that the ends of justice served by taking such action outweigh the best interest of the public and

13  the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

14  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

15  the ends of justice served by the granting of such continuance outweigh the best interests of the public

16  and the defendant in a speedy trial."  *Id.*

17    The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

18  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

19  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

20  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

21  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

22  recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see*

23  *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

24  following the September 11, 2001, terrorist attacks and the resultant public emergency).

25    The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

26  proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-

27  exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act

28  continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1  1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is

2  detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked

3  speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a

4  population that is particularly susceptible to complications if infected with the virus; (5) the seriousness

5  of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes;

6  (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed;

7  and (7) whether the district court has the ability to safely conduct a trial.  *Id*.

8          In light of the foregoing, this Court should consider the following case-specific facts in finding

9  excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7)

10  (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United*

11  *States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be

12  "specifically limited in time").

13                                      **STIPULATION**

14          Plaintiff United States of America, by and through its counsel of record, and defendant, by and

15  through defendant's counsel of record, hereby stipulate as follows:

16          1.      By previous order, this matter was set for status conference on October 19, 2022.

17          2.      By this stipulation, defendant now moves to continue the status conference until

18  December 21, 2022, and to exclude time between October 19, 2022, and December 21, 2022, under 18

19  U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

20          3.      The parties agree and stipulate, and request that the Court find the following:

21                  a)      The government has represented that the discovery associated with this case

22          includes investigative reports, a cell phone extraction, photographs, and other evidence.  All of

23          this discovery has been either produced directly to counsel and/or made available for inspection

24          and copying.

25                  b)      Counsel for defendant desires additional time consult with his client, review the

26          discovery, and conduct independent investigation.

27                  c)      Counsel for defendant believes that failure to grant the above-requested

28          continuance would deny him/her the reasonable time necessary for effective preparation, taking

1    into account the exercise of due diligence.

2            d)       The government does not object to the continuance.

3            e)       In addition to the public health concerns cited by the General Orders and

4    presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

5    this case because the defendant is not detained pending trial.  Defendant is currently in a pretrial

6    release drug treatment program and is expected to continue in the program.

7            f)       Based on the above-stated findings, the ends of justice served by continuing the

8    case as requested outweigh the interest of the public and the defendant in a trial within the

9    original date prescribed by the Speedy Trial Act.

10           g)       For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

11   et seq., within which trial must commence, the time period of October 19, 2022 to December 21,

12   2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

13   T4] because it results from a continuance granted by the Court at defendant's request on the basis

14   of the Court's finding that the ends of justice served by taking such action outweigh the best

15   interest of the public and the defendant in a speedy trial.

16   4.       Nothing in this stipulation and order shall preclude a finding that other provisions of the

17   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

18   must commence.

19           IT IS SO STIPULATED.

20

21

22   Dated:  October 12, 2022                    PHILLIP A. TALBERT
                                                 United States Attorney

23

24                                               /s/ JUSTIN J. GILIO
                                                 JUSTIN J. GILIO
25                                               Assistant United States Attorney

26

27   Dated:  October 12, 2022                    /s/ Yan Shrayberman
                                                 Yan Shrayberman
28                                               Counsel for Defendant
                                                 Uriel Diaz-Santos

STIPULATION REGARDING EXCLUDABLE TIME                4
PERIODS UNDER SPEEDY TRIAL ACT

1
2
3
4                                        **ORDER**
5        IT IS SO ORDERED.
6
7    DATED: 10/12/2022          _Sheila K. Oberto_
                                THE HONORABLE SHEILA K. OBERTO
8                               UNITED STATES MAGISTRATE JUDGE
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION REGARDING EXCLUDABLE TIME          5
PERIODS UNDER SPEEDY TRIAL ACT