PHILLIP A. TALBERT
United States Attorney
JUSTIN J. GILIO
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>URIEL DIAZ-SANTOS,<br><br>Defendant. | CASE NO. 1:21-CR-00271-JLT-SKO<br><br>STIPULATION TO VACATE STATUS CONFERENCE AND SET CASE FOR CHANGE OF PLEA AND ORDER THEREON<br><br>Court: Hon. Sheila K. Oberto |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a STATUS CONFERENCE on March 29, 2023.

2. By this stipulation, defendant now moves to vacate the status conference and to **set the case for a change of plea hearing on May 22, 2023 at 10:00 a.m.** before the Hon. Jennifer L. Thurston. The proposed change of plea date represents the earliest date that all counsel are available, taking into account counsels' schedules, defense counsels' commitments to other clients, and the court's available dates for a change of plea hearing. In addition, the public health concerns cited by General Orders 611, 612, 617, 618, and 620 and subsequent general orders presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.

3. The parties agree and stipulate, and request that the Court find the following:

a) The discovery associated with this case includes investigative reports, a cell phone extraction, photographs, and other evidence. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying. Counsel for the defendants believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

b) The government does not object to the continuance.

c) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

d) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 29, 2023 to May 22, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: March 14, 2023

PHILLIP A. TALBERT
United States Attorney

By: /s/ JUSTIN J. GILIO
JUSTIN J. GILIO
Assistant United States Attorney

Dated: March 14, 2023

/s/ *Yan Shrayberman*
Attorney for Defendant Uriel Diaz-Santos

**O R D E R**

IT IS SO ORDERED.

DATED: 3/14/2023

*Sheila K. Oberto*
HONORABLE SHEILA K. OBERTO
United States Magistrate Judge